# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1414V
Filed: May 15, 2018

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| MARC MEYER, | * |
| | *   UNPUBLISHED |
| Petitioner, | * |
| v. | *   Special Master Oler |
| | * |
| SECRETARY OF HEALTH | *   Decision on Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * | |

*Alison H. Haskins,* Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner.
*Camille M. Collett,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 27, 2016, Marc Meyer ("Petitioner"), filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that he suffered from chronic inflammatory demyelinating polyneuropathy as a result of receiving a fluvirin vaccine on November 18, 2013. Petition ("Pet.") at ¶¶ 1, 3, ECF No. 1. Petitioner eventually moved for a motion for a decision dismissing his petition on August 15, 2017, stating that an "investigation of the facts and science supporting his case" revealed that he would be "unable to prove that he is entitled to compensation in the Vaccine Program." ECF No. 22 at ¶ 2. The special master previously assigned to this case issued a Decision on August 17, 2017, dismissing the petition for insufficient proof. *See* Decision, ECF No. 23.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, I intend to post this Decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986 ("Vaccine Act" or "Vaccine Program"), Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

I.      **Relevant Procedural History Regarding Attorneys' Fees and Costs**

On November 27, 2017, Petitioner filed a motion for attorneys' fees and costs (AFC Motion), requesting $23,056.70 in attorneys' fees, and $1,625.60 in costs, for a total of $24,682.30.  Petitioner's ("Petr's") Application ("App.") dated November 27, 2017, ECF No. 29 at 1-2.[3]  In accordance with General Order #9, Petitioner filed a signed statement indicating that he did not incur any out-of-pocket expenses throughout the pendency of this case.  *See* Ex. 16, ECF No. 29-3.

This case was transferred to my docket on December 6, 2017.  ECF No. 30.  On February 21, 2018, Respondent filed a response to Petitioner's AFC motion.[4]  Respondent's Response, dated February 21, 2018, ECF No. 32.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id*. at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id*. at 2.  Additionally, he "respectfully recommends that [I] exercise [my] discretion and determine a reasonable award for attorneys' fees and costs."  *Id*. at 3.

Petitioner filed a reply to Respondent's response on February 22, 2018.  ECF No. 33.  Petitioner argues (1) that Respondent's position regarding Petitioner's AFC Motion is "overly burdensome on the Court and prejudices Petitioner" (*id*. at 2); (2) that "Petitioner has met his burden of establishing reasonable fees and costs" (*id*. at 3); and (3) that his "attorneys' fees should be paid and his case costs reimbursed" (*id*. at 4).  This matter is now ripe for decision.

II.     **Applicable Law and Discussion**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1).  If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees

---

[3] Petitioner filed her application for attorneys' fees and costs without proper pagination.  *See generally* Petr's App.  Thus, for ease of reference, I will use the page numbers generated from the CM/ECF filing reflected at the top of the page.  Therefore, the page entitled "Motion For Payment of Petitioner's Attorneys' Fees and Reimbursement Of Case Costs Pursuant to 42 U.S.C. 300aa-15" will be cited as "Petr's App. at 1" with subsequent pages numbered accordingly.

[4] On February 21, 2018, Respondent's counsel, with Petitioner's counsel copied on the communication, emailed my law clerk stating that, due to an oversight, Respondent had yet to file a standard response to Petitioner's AFC Motion as of that date, and inquiring as to whether I had any objections to her filing Respondent's response at that time.  In turn, my law clerk emailed both parties on that same date informing them of my decision to allow Respondent to file a response at that time, but also inviting Petitioner to file a reply to Respondent's response, if Petitioner deemed necessary.  Thus, Respondent filed his response on February 21, 2018.  *See* ECF No. 32.  Shortly thereafter, Petitioner's counsel emailed my law clerk informing me that Petitioner would also be filing a reply to Respondent's response.

is automatic. *Id.*; *see also Sebelius v. Cloer*, 569 U.S. 369, 373 (2013). A petitioner need not prevail on entitlement to receive a fee award, however, as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. §15(e)(1). Respondent does not argue that this case lacks good faith or a reasonable basis. Upon my review of the record, and an examination of the overall circumstances of this case, I also agree that this case was filed in "good faith," and with a "reasonable basis."

### A. Reasonable Hourly Rates and Time Expended

#### i. Requested Hourly Rates

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "[t]he initial estimate of a reasonable attorney's fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by Respondent, and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F.3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Petitioner's counsel of record, Ms. Haskins, performed work on this case from her law firm's Sarasota, Florida office (*see* Petr's App. at 3; *see also* Ex. 17), and the billing invoices filed in connection with the present fee request reveal the work she performed on the matter (*see generally* Ex. 14). In a prior case, Special Master Corcoran found attorneys from Ms. Haskin's law firm based in Sarasota, Florida, to be entitled to forum rates. *See Dezern v. Sec'y of Health & Human Servs.*, No. 13-643V, 2016 WL 6678496 (Fed. Cl. Spec. Mstr. Oct. 14, 2016). I find Special Master Corcoran's analysis to be well-reasoned and persuasive, and will follow his approach in this instant fees request; thus, forum rates apply in this case.

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[5]

Accordingly, I find the requested hourly forum rates for Ms. Haskins -- *i.e.*, $324.00 for work performed in 2016, and $348.00 for work performed in 2017 (*see* Ex. 14 at 10) -- to be reasonable.[6] Additionally, nine paralegals from Ms. Haskin's law firm worked on this case (*id.*); for those paralegals, Petitioner requests a variety of hourly rates ranging from $105.00 to $145.00 (*id.*). I find those paralegal hourly rates to be reasonable.

### ii. Hours Reasonably Expended

Based on my review of the billing records submitted with Petitioner's AFC Motion (*see generally* Ex. 14), the hours expended on this matter by Petitioner's counsel appear to be reasonable, and I find no cause to reduce the total attorney or paralegal hours spent on this case.

### iii. Summary of Total Fees

As outlined above, Petitioner is awarded the entirety of his requested $23,056.70 in attorneys' fees.

### B. Reasonable Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $1,625.60 in attorneys' costs, the bulk of which represent costs incurred by his counsel in

---

[5] The fee schedules are posted on this Court's website. *See Office of Special Masters, Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, https://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited on May 15, 2018); *see also Office of Special Masters, Attorneys' Forum Hourly Rate Fee Schedule: 2017*, https://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf (last visited on May 15, 2018).

[6] Ms. Haskins has been admitted to the Florida Bar since 1998. *See* Ex. 17 at 1. Accordingly, the 2015-2016 Hourly Rate Fee Schedule sets forth an attorneys' fees range of $300-$375 per hour for an attorney of Ms. Haskins' experience (between 11-19 years of experience in practice in 2016). *See Office of Special Masters, Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, *supra* at n.5. Similarly, the 2017 Hourly Rate Fee Schedule sets forth an attorneys' fees range of $307-$383 per hour for an attorney of Ms. Haskins' experience in 2017. *See Office of Special Masters, Attorneys' Forum Hourly Rate Fee Schedule: 2017*, *supra* at n.5. As the requested hourly rates for Ms. Haskins is well within the fee schedules outlined above, I find Ms. Haskins' request in this instant matter to be reasonable.

attempting to secure an expert opinion in this case. *See generally* Ex. 15, ECF No. 29-2. Additional requested costs consist of filing fees, and service and copying costs associated with prosecuting this claim. *Id*. After reviewing the costs invoices attached with Petitioner's AFC Motion, I find the requested litigation costs to be reasonable, and will award them in full.

### III.    Total Award Summary

Accordingly, I award **$24,682.30**, representing $23,056.70 in attorneys' fees and $1,625.60 in costs, in the form of a check payable jointly to Petitioner and his counsel, Alison H. Haskins.[7]  The Clerk of the Court is directed to enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

                                    **/s/ Katherine E. Oler**
                                    Katherine E. Oler
                                    Special Master

---

[7] Pursuant to Petitioner's request (*see* AFC Motion at 2, ¶ 10), the check in this case shall be forwarded to the following business address: Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.